WILLIAM A. SOKOL, Bar No. 072740
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
KRISTINA M. ZINNEN, Bar No. 245346
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bsokol@unioncounsel.net
              clozano@unioncounsel.net
              kzinnen@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the CMTA-GLASS, MOLDERS, POTTERY, PLASTICS & ALLIED WORKERS LOCAL 164B PENSION TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>PRODUCTION PATTERN AND FOUNDRY CO., INC., a Nevada Corporation; and DOES 1 through 10,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR WITHDRAWAL LIABILITY** |

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Plaintiffs complain of Defendant, and for cause of action allege:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

**I.**

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185).  Venue properly lies in this district court because contributions are due and payable in the County of Alameda.  Therefore, intradistrict venue is proper.

**PARTIES**

**II.**

Plaintiffs, the Board of Trustees, are trustees of the CMTA-Glass, Molders, Pottery, Plastics and Allied Workers Local 164B Pension Trust ("Pension Fund"). The Pension Fund is an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the LMRA (29 U.S.C. § 186), and multiemployer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). The Board of Trustees administers the Pension Fund and may bring this action in the name of the Pension Fund pursuant to the express provisions of the Trust Agreement.

**III.**

Defendant Production Pattern and Foundry, Co., Inc. ("Production Pattern"), is a corporation incorporated under the laws of the State of Nevada and has its principal place of business in Nevada. Production Pattern has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

**IV.**

Plaintiff is ignorant of the true names and capacities of DOE Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

/ / /

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF
## V.

Production Pattern was signatory and bound to a written collective bargaining agreement ("CBA") with the Glass, Molders, Pottery, Plastics and Allied Workers International Union and its Local No. 164B ("Union"), a labor organization within the meaning of section 301 of the LMRA (29 U.S.C. § 185). Production Pattern became subject to all the terms and conditions of the Trust Agreement establishing the Pension Fund by signing the CBA with the Union.

## VI.

Pursuant to Section 4001(b) of ERISA (29 U.S.C. § 1301(b)), all trades or businesses under common control are a single employer for purposes of Title IV of ERISA (29 U.S.C. § 4001 et seq.), which governs the termination of employee benefit plans.  At all times relevant, DOE Defendants 1 through 10, inclusive, were trades or businesses under common management, control, ownership, and operation, or a single employer under federal law with Production Pattern.  Accordingly, Production Pattern and DOES 1 through 10, inclusive, constituted a commonly controlled group of trades or businesses and were a single employer pursuant to Section 4001(b) of ERISA (29 U.S.C. § 1301(b)). As such, Production Pattern and DOES 1 through 10 are each jointly and severally liable for any obligations to the Pension Fund that Production Pattern has incurred pursuant to Title IV of ERISA (29 U.S.C. § 4001 et seq.).

## VII.

The CBA and Trust Agreement provide for prompt payments of all employer contributions to the Trust Funds and provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds in the event of a breach by the employer where it would have been impracticable or extremely difficult to ascertain the losses to the Trust Funds. The Trust Agreement also provides for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs.

## FIRST CLAIM FOR RELIEF
## (WITHDRAWAL LIABILITY)
## VIII.

Plaintiff incorporates and realleges by reference all the allegations stated hereinabove.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

### IX.

ERISA Section 4201 (29 U.S.C. § 1381) provides that the Trustees shall have the authority to assess withdrawal liability against contributing employers who withdraw from participation in the Plaintiff Pension Fund in a partial withdrawal for any reason. Partial withdrawal liability shall be determined as set forth in ERISA and the Pension Fund's governing documents. In accordance with ERISA Section 4205(a) (29 U.S.C. § 1385(a)), there is a partial withdrawal by an employer from the Pension Fund on the last day of a plan year if for such plan year there is a 70-percent contribution decline. The partial withdrawal liability shall be due and payable by the employer upon demand by the Pension Fund.

### X.

Pursuant to ERISA Section 4205(b) (29 U.S.C. § 1385(b)), Production Pattern incurred consecutive partial withdrawals from the Pension Fund on June 30, 2010 and June 30, 2011. Pursuant to ERISA Section 4201 (29.U.S.C. § 1381), Production Pattern was obligated to pay partial withdrawal liability as determined by the Board of Trustees pursuant to the applicable statutory, administrative, and contractual provisions.

### XI.

Pursuant to ERISA Sections 4202 and 4219 (29.U.S.C. §§ 1382, 1399), the Pension Fund calculated the amount of Production Pattern's partial withdrawal liability to be $534,407.08 as of June 30, 2010 and $84,026.50 as of June 30, 2011, for a total of $618,433.58. Under the payment schedule for the first partial withdrawal, Production Pattern was required to make 16 quarterly payments of $35,181.00 commencing on June 1, 2013, plus a final payment of $31,951.00. For the second withdrawal, Production Pattern was required to make two quarterly payments of $33,252, plus a final payment of $17,523.00.

### XII.

As a single employer, DOE Defendants 1 through 10, and any other trades or businesses under common control, are jointly and severally liable for Production Pattern's withdrawal liability.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

### XIII.

On April 1, 2013, the Pension Fund notified Production Pattern that its withdrawal liability to Plaintiff was $618,433.58, and demanded payment. Notice to Production Pattern constituted notice to all trades or businesses under common control with Production Pattern, including DOE Defendants 1 through 10. The notice also informed Defendants of their right to make a lump sum payment of the entire amount or make payments according to the payment schedule. The notice informed Defendants that they must make their payments to the Pension Fund even if Defendants requested a review of the withdrawal liability determination. The notice informed Defendants of the components of the withdrawal liability and included documentation.

### XIV.

Defendants, and each of them, have failed to make one or more of the required payments of withdrawal liability to the Pension Trust, including the quarterly payments that were due September 1, 2014, March 1, 2017, and June 1, 2017.

### XV.

On July 19, 2017, the Pension Fund notified Production Pattern that it failed to submit its quarterly payments. Notice to Production Pattern constituted notice to all trades or businesses under common control with Production Pattern, including DOE Defendants 1 through 10. Defendants, and each of them, failed, refused, and neglected to submit the overdue withdrawal liability payments.

### XVI.

Pursuant to ERISA Sections 515 and 4301(b) of ERISA (29 U.S.C. §1145, 1451(b)) and the Pension Trust Agreement, Defendants' failure to make a withdrawal liability payment when due shall be treated in the same manner as a delinquent contribution.

### XVII.

Because Defendants failed to remit its outstanding withdrawal liability, Plaintiffs are forced to bring the present action to collect withdrawal liability plus interest, liquidated damages, attorneys' fees and costs and such other legal or equitable relief as the Court deems appropriate.

/ / /

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.

## XVIII.

By reason of the foregoing, Defendants, and each of them, are indebted to Plaintiffs for at least $102,313.00 or an amount according to proof, together with interest thereon, liquidated damages, attorney's fees, and other costs in accordance with the Pension Trust Agreement and Sections 4301(b) and 502(g) of ERISA (29 U.S.C. §§ 1451(b), 1132(g)).

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. That Defendants be ordered to pay withdrawal liability of at least $102,313.00 or an amount according to proof, plus interest thereon;

2. That Defendants be ordered to pay actual damages according to proof;

3. That Defendants be ordered to pay attorneys' fees;

4. That Defendants be ordered to pay costs of suit herein; and

5. That this Court grant such further relief as this Court deems just and proper.

Dated:  August 25, 2017          WEINBERG, ROGER & ROSENFELD
                                 A Professional Corporation


                                       */S/ Kristina M. Zinnen*
                           By:   KRISTINA M. ZINNEN
                                 Attorneys for Plaintiffs

143691\931059

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

COMPLAINT FOR WITHDRAWAL LIABILITY
Case No.